UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY STAR #1803, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 14-5455 NJV (PR)<br><br>**ORDER GRANTING MOTION TO REVOKE STATUS**<br><br>Docket Nos. 21, 27, 28 |

This is a civil rights case brought pro se by a detainee. Pending before the court is Defendants' motion to revoke plaintiff's in forma pauperis status, pursuant to 28 U.S.C. § 1915(g), because plaintiff has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. (Doc. 21.) Plaintiff has filed an opposition and defendants have filed a reply.

**Motion to Dismiss**

**Legal Standard**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (*Andrews I*). A case is "frivolous" within the meaning of §

1915(g) if it is "of little weight or importance: having no basis in law or fact." *Id.* Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

**Analysis**

Defendants argue that plaintiff has at least four[1] strikes pursuant to § 1915(g):

- *Law v. Benitez*, No. 06-1061 OWW LJO (E.D. Cal.) Docket Nos. 10, 11.
- *Law v. Green*, No. 07-1071 LJO DLB (E.D. Cal.) Docket Nos. 8, 10.
- *Law v. Miller*, No. 11-1339 LJO SKO (E.D. Cal.) Docket Nos. 13, 14.
- *Law v. Domico*, No. 10-2225 BAM (E.D. Cal.) Docket No 18, 19.

A review of these cases demonstrates that they are strikes pursuant to § 1915(g). Plaintiff does not dispute that these cases are strikes. He only argues that he is under imminent danger of serious physical injury.

Plaintiff alleges in the complaint that he was attacked and beaten by guards while in county jail at 850 Bryant Street in San Francisco and was denied medical care. He states he suffered pain and a swollen left eye. Plaintiff argues that he wrote in the complaint that he was under imminent danger of serious physical injury. While plaintiff did make this statement in the complaint he did not describe how he was in danger. In his opposition plaintiff again states he is under imminent danger of serious physical injury, but again fails to support this statement with any allegations.

The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)

---

[1] Defendants argued that plaintiff had five strikes, but the court does not find that *Law v. Whitson*, No. 08-0291 JAM EFB (E.D. Cal.) is a strike.

(*Andrews II*).  It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception).  Yet, the Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative.  *Id.* at 1050 n.11.

    The underlying incident occurred in county jail at 850 Bryant Street in San Francisco.  When plaintiff filed the complaint he was in custody at 1 Moreland Drive in San Bruno.  Since filing this case, plaintiff has been moved to different jails, released, and returned to jail on multiple occasions.  Docket Nos. 4, 8, 12, 14, 22, 32, 34, 35.  Plaintiff has most recently been returned to county jail at 850 Bryant Street.  Docket No. 35.  However, his conclusory statement with no support that he is in imminent danger is insufficient.  *See, e.g., Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (rejecting imminent-danger exception based on conclusory assertions that defendants were trying to kill the plaintiff by forcing him to work in extreme conditions despite his blood-pressure condition).  Because plaintiff has failed to make a plausible allegation that he is in imminent danger of serious physical injury, his IFP status is revoked but he will be provided an opportunity to pay the filing fee.

    The issue would not be moot if plaintiff was again released from custody.  *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892-93 (9th Cir. 2011) (prisoner's release from jail during pendency of action did not moot appeal of order denying application to proceed IFP).  Despite plaintiff's repeated release and re-incarceration he was incarcerated when he commenced this case.  Docket No. 1.[2]

---

[2] Plaintiff also argues that he submitted an IFP application while he was a nonprisoner.  The record reflects that while he was incarcerated plaintiff failed to follow court instructions to file an IFP application.  Docket Nos. 2, 9, 15.  The court granted IFP status while plaintiff was a nonprisoner, but then plaintiff was reincarcerated.  To the extent he argues that he does not have prisoner IFP status, plaintiff was incarcerated when he filed the case, at the current time, and for the majority of the pendency of the action.  Plaintiff's IFP status is either revoked or denied to the extent he seeks it now that he is incarcerated.  Because he has at least three

**CONCLUSION**

1. The motion to revoke plaintiff's in forma pauperis status (Docket No. 21) is **GRANTED**.

2. Plaintiff's motions for default judgment (Docket Nos. 27, 28) are **DENIED**.

3. Plaintiff's in forma pauperis status is **REVOKED**. He must pay the full filing fee, four hundred dollars ($400), within twenty-eight (28) days of the date this order is filed or this case will be dismissed.

**IT IS SO ORDERED.**

Dated: December 18, 2015.

NANDOR J. VADAS
United States Magistrate Judge

---

strikes, he must pay the full filing fee to continue.

4